107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Golden BARNETT, Petitioner-Appellant,
v.
Phil PARKER, Warden, Respondent-Appellee.
 No. 95-6473.
 United States Court of Appeals, Sixth Circuit.
 March 03, 1997.
 
 1
 Before: KENNEDY, NELSON, and GODBOLD,* Circuit Judges.
 
 ORDER
 
 2
 Golden Barnett, a Kentucky state prisoner, appeals pro se a district court judgment dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Barnett of first degree robbery and first degree assault. He was sentenced to twenty years of imprisonment on each charge, to run consecutively. His conviction was affirmed on direct appeal to the Kentucky Supreme Court. Barnett then filed this petition for federal habeas corpus relief, arguing that his conviction of both first degree robbery and first degree assault violated the Double Jeopardy Clause, that he was the victim of a suggestive identification procedure, and that he was denied his right to fully confront one of the witnesses against him. The matter was referred to a magistrate judge, who recommended that the petition be dismissed due to lack of merit in the grounds presented. Over Barnett's objections, the district court adopted this recommendation. The same issues are now raised on appeal.
 
 
 4
 Upon review, we conclude that Barnett's petition was properly dismissed. There was no double jeopardy violation in this case because Barnett had completed the first degree robbery before he committed the first degree assault, and the latter crime was not necessary to the completion of the former. Moreover, each offense required proof of a fact that the other did not. See Illinois v. Vitale, 447 U.S. 410, 416 (1980). The robbery required a showing of a theft, and the assault required a showing of an intent to cause serious physical injury.
 
 
 5
 Examination of the factors in determining the reliability of an identification in this case shows that the identification of petitioner was not inherently unreliable and the jury was therefore properly allowed to resolve the issue. See Manson v. Brathwaite, 432 U.S. 98, 116 (1977). Finally, we conclude that the refusal to allow further questioning of the victim after she testified that she could not remember giving a statement did not deprive Barnett of a fundamentally fair trial. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). The contents of the statement were admitted through other means.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation